KOKEN IRON WORKS v. ROBERTSON AVENUE RAILWAY
COMPANY *et al., Plaintiffs in Error.*

### Division One, November 3, 1897.

1. **Mechanics Liens:** BRIDGES OF STREET RAILWAY COMPANIES.   The statute, section 6741, Revised Statutes 1889, gives those who construct a bridge for a street railway company a mechanics lien on the bridge for work or labor done.

2. ———: PRIOR LIEN AND SALE.   A prior judgment and sale, in favor of a different lien creditor, is not a bar to plaintiff's right to have a judgment against the same property in a mechanics lien case, even though plaintiff had applied in the other case to participate in the proceeds of the sale, which application was still pending at the time of judgment in this case.

3. ———: DATE OF ITEMS IN ACCOUNT.   A statement which is held to sufficiently give the dates when the work was done and the materials were supplied, is set out in the opinion.

4. ———: ———: CHARACTER OF WORK.   In deciding on the sufficiency of a lien claim the nature of the work done must be kept in view, as well as the purpose for which the lien account is required.

*Error to Greene Circuit Court.*—HON. JAMES T.
NEVILLE, Judge.

AFFIRMED.

*James R. Vaughan* for plaintiff in error.

(1) The statutes of this State giving a lien for work and labor and material upon the roadbed, depots, rolling stock, station houses, bridges, or culverts, of any railroad in the State, does not in its terms, and was never intended by the legislative body, to embrace street railways.   R. S. 1889, secs. 6741, 6743, 6744, 6747, 6754, and 6756; *Knapp v. Railroad,* 74 Mo. 379; Booth on Street Railways, 2; *Railroad v. Johnson et al.,* 25 Pac. Rep. 1084; *Louisville, etc., v. Railroad,* 2 Duv. 175;

*Gyger v. Railroad,* 136 Pa. St. 96.   (2) There is no
priority among claimants having liens which have
arisen out of the same job, improvement, or as in this
case, construction of a railroad.   The fact that one may
have begun work before the other gives no preference
to claimants as between themselves.   *Choteau v. Thomp-
son,* 2 Ohio St. 114;   *State ex rel. Lumber Co. v. Drew,*
43 Mo. App. 362; 2 Jones on Liens, sec. 1492; 15
Am. and Eng. Ency of Law, 95; *Hydraulic Brick Co.
v. Bormans,* 19 Mo. App. 664.   (3) There can be but
one sale under this law in the enforcement of liens for
any particular job or improvement, and such sale when
made passes the title to the property as against all
co-lienholders and enures to the benefit of all such hold-
ers, whether parties to the suit under which the sale
occurs or not.   The sale carries the title.   It is in the
nature of a proceeding *in rem,* and divests all liens.
*Reilly v. Hudson,* 62 Mo. 383; Philips on Mechanics'
Liens, 364; 15 Am. and Eng. Ency. of Law, 95; *Anshutz
v. McClelland,* 5 Watts (Pa.), 487; *Matlack v. Deal,* 1
Miles (Pa.), 254; *Shirley v. Brown,* 80 Mo. 244; *Hartle
v. Peterman,* 107 Mo. 355.   (4) The lien account and
statement are void, not only because the law gives no
lien against such property, but for the reason likewise
that this railroad lien law provides that the lien account
shall set forth "the dates when the work was done and
when materials were furnished," and this provision is
not complied with.   R. S. 1889, sec. 6743; *Coe v.
Ritter,* 86 Mo. 277; 15 Am. and Eng. Ency. of Law,
147; *Witman v. Walker,* 9 W. & S. (Pa.) 183.

*Goode & Cravens* for defendant in error.

(1)   The railroad lien statutes of this State embrace
within their operation street railways.   *St. Louis Bolt
& Iron Co. v. Donahoe,* 3 Mo. App. 559.   (2) These

statutes are highly remedial and are to be liberally construed and a broad scope given to their provisions. *Dugan Cut Stone Co. v. Gray*, 114 Mo. 497. (3) At the time R. E. Everett obtained judgment and sold, plaintiff's suit had not been tried, and of course had not ripened into a judgment. Hence by the very language of the statute plaintiff was neither bound nor entitled to share in the proceeds of that sale, which was therefore no defense to the enforcement of its lien. R. S. 1889, sec. 6756. (4) The account and statement were very explicit in giving the dates when the work was done and the materials furnished. Fifteen days are given between April 11, 1892, and June 24, 1893, at which the principal items were done. It could not well be more definite unless the day when they were working on each girder, rivet or channel in the St. Louis shop was given. All that is required in this respect is that the statement shows the dates within which the items were furnished and that the lien papers were filed in time. It is not necessary to set a date opposite each item. *Bambrick v. Webster Grove Church*, 53 Mo. App. 225; *Kern v. Pfaff*, 44 Mo. App. 29; *Bruce v. Hoos*, 48 Mo. App. 161; *Seaman v. Paddock*, 51 Mo. App. 465.

BARCLAY, P. J.—Plaintiff seeks by this action to establish as a mechanics lien an account for the sum of $3,096.56 against the Robberson Avenue Railway Company. The account is for a variety of items for the construction of a viaduct or bridge across the valley of Wilson's Creek, in Springfield, Missouri. The viaduct is a part of the railway company's line. The other defendants are the Mississippi Valley Trust Company and the Fourth National Bank. It is alleged that they have some interest in the property subordinate to the

lien claim, but there will be no need to again mention them specially.

The defense is planted on several grounds. The right of plaintiff to a general judgment is not now seriously challenged, though it was put in issue at first by a general denial in the answer. We shall confine the statement of facts and the discussion of the governing rules of law to the field comprehended by the question whether or not plaintiff is entitled to a judgment sustaining his lien. That is the only question to which counsel address themselves in this court. It seems convenient to state the facts applicable to each of the points of objection to the circuit judgment along with the ruling upon them.

1. Counsel for the railway company insists that street railroads are not within the intent of the law giving a lien upon the "roadbed, station houses, depots, bridges, rolling stock, real estate and improvements" of "any railroad company" for which work or labor is done as defined by the statute (R. S. 1889, sec. 6741). Undoubtedly, much of the language of that law is applicable to railroads operated by steam. Those were the roads to which the act was chiefly designed to apply. But the general terms of the law are also susceptible of application to street railroads, and we find nothing in any part of the enactment to indicate that such application is not intended. When we bring into view the various statutes affording liens for materials or labor furnished for the improvement of land, and consider the broad objects sought by such legislation, it seems clear that street railroads were not intended to be exempt from liability to respond to such lien claims in a proper case. Laws of this nature should receive a fair and rational interpretation, and full effect be given to the remedial purpose that constitutes their spirit. Rutherforth's Institutes [2 Am. Ed.], p. 421.

On this branch of the case we agree with the views given in the learned opinion of our brother BAKEWELL in the case of *St. Louis Bolt & Iron Co. v. Donahoe* (1876) 3 Mo. App. 559, and deem unnecessary any further discussion of the subject now.

2. Another defense is raised on the facts (set up in the answer) that the railroad had been already sold on execution under a lien judgment in favor of Mr. Everett; that plaintiff had applied in that case to participate in the proceeds of the sale. It is hence argued that plaintiff can not maintain this action for a lien. The Everett suit was brought before that of plaintiff, but the present action was pending before Everett obtained his judgment of lien. That judgment was entered several months before plaintiff's judgment in this case. No action has yet been taken on the application of this plaintiff to be allowed to participate in the proceeds of the Everett execution sale. We are not now called upon to decide as to the mode of distributing proceeds of any sales under the provisions of section 6756, Revised Statutes 1889. The question before us simply is whether or not the fact of a prior judgment and sale, in favor of a different lien creditor, is a bar to plaintiff's right to have a judgment of lien entered against the same property. Our answer to that question is in the negative.

3. It is next contended that the lien is void because the dates of the various items of plaintiff's account are not sufficiently given under section 6743 of the railroad lien act. The lien account gives with great particularity a list of the various items of material and labor that are charged for. As to the time when the same were furnished, the plaintiff's statement for a lien (accompanying the list of items furnished) is as follows:

"That the work of fitting, putting together and painting the steel for the trusses was done in the shop

of said Koken Iron Works, in the City of St. Louis, and consisted of 102 days of labor, and was begun on or about April 11, 1892, and was finished on or about the 15th day of July, 1892; that the anchor bolts for supports of all the spans were shipped May 15, 1892, and delivered and furnished to said Robberson Avenue Railway Company, in the City of Springfield aforesaid, on or about May 9, 1892, and that the trusses were shipped on or about August 25 and August 27, 1892, and delivered and furnished, at Robberson Avenue and Peach alley, near Water street and Phelps streets, in said city of Springfield, on or about September 22, 1892, excepting a small portion thereof which was shipped November 22, 1892, and delivered, and furnished at said places in Springfield, on or about November 26, 1892; that the stairs and landings were shipped January 10, 1893, and delivered and furnished at said places in Springfield aforesaid on or about January 14, 1893; that the work of erecting said viaduct and its appurtenances as aforesaid consumed six hundred and forty-five (645) days' labor, and was begun at the places aforesaid in Springfield on November 22, 1892, and continued to January 19, 1893, when the work was interrupted by reason of the fact that the southern abutment of said viaduct had not been completed by the said Robberson Avenue Railway Company; that on June 15, 1893, the work of erecting the last span of said viaduct was begun, and finished on June 24, 1893; that the stairs have not yet been erected, although the material therefor is at said place, because no foundations have been furnished by said Robberson Avenue Railway Company, which foundations are necessary to such erection, and which said Robberson Avenue Railway Company agreed to furnish; that said work was done and materials were furnished, under contract," etc.

We consider the foregoing a sufficient statement of the dates when the work was done and the materials were supplied.

These statutes should have a reasonable construction. In deciding on the sufficiency of a lien claim the nature of the work in question must be kept in view, as well as the purpose for which the lien account is required. A circumstantial recital of the history of the work in a particular case is quite as satisfactory a mode of informing the defendant of the extent and nature of the claim for a lien as an account with a date affixed to each item would be where the lien demand permitted an exhibit of its facts in the latter form.

We hold the lien to be established, and direct that the judgment be affirmed. MACFARLANE, ROBINSON and BRACE, JJ., unite with me in this opinion.